GEORGE B. LANNOM,            )
                            )
        Plaintiff           )
                            )   No. 3:12-MC-0051
v.                          )   Judge Sharp/Brown
                            )
STEPHEN K. WILD,            )
                            )
        Defendant           )

**TO:  THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Presently pending is a petition for expedited confirmation of an order of attachment (Docket Entry 1). This matter was referred to the undersigned for consideration and ruling (Docket Entry 3). For the reasons stated below, the Magistrate Judge recommends that the petition be **GRANTED** and the proposed order (Docket Entry 8) be signed.

### BACKGROUND

The petition in this matter, which is slightly over an inch thick, boils down to a simple proposition as set forth in the memorandum of law in support of the petition (Docket Entry 2). Pursuant to activities under the Federal Arbitration Act an order of attachment has been entered against the Defendant by an arbitration panel of the Financial Industry Regulatory Authority (FINRA), which is pending and set for a hearing in Nashville on August 22, 2012. The motion before the Panel (Docket Entry 2, Ex. 13) sets forth the grounds for the claim against Wild, which is

essentially that he ran a ponzi scheme and that damages in the amount of at least $200,000 are sought.

The FINRA entered an order for pre-award attachment (Docket Entry 2, Ex. 14) in the amount of $200,000 on July 24, 2012. Although having notice of this order and the petition for expedited confirmation, Defendant Wild has failed to respond. The Defendant was specifically advised that he had until August 13, 2012, to respond and failure to respond would mean that there was no opposition to the motion (Docket Entry 5). As of the date of this Report and Recommendation the Defendant has failed to respond in any fashion.

## LEGAL DISCUSSION

The memorandum of law[1] appears to accurately state the law in this area and because of the failure of the Defendant to respond in any way, the Magistrate Judge does not see the need to burden this Report and Recommendation with further discussion.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the proposed order be entered in this matter.

---

[1]The Magistrate Judge does note that in their notice (Docket Entry 8) the Plaintiff refers to the undersigned as "Magistrate." Since 1991 the proper title is "Magistrate Judge." If counsel wishes to shorten the title, normally it is shortened to "Judge" and not "Magistrate." Counsel would certainly not refer to a Bankruptcy Judge as "Bankruptcy" or call a Lieutenant Colonel in the Army "Lieutenant." Likewise, in the proposed order counsel should use the name and full title of Judge Sharp.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge